BAY INSTITUTE OF SAN FRANCIS-
CO, et al., Plaintiffs—Appellants,

and

San Luis & Delta–Mendota Water
Authority, et al., Plaintiffs–
Appellees,

v.

UNITED STATES of America, et
al., Defendants—Appellees,

v.

Pixley Irrigation District, et al.,
Plaintiff–Intervenors.

San Luis & Delta–Mendota Water
Authority, et al., Plaintiffs—
Appellants,

and

Bay Institute of San Francisco, et
al., Plaintiffs—Appellees,

v.

United States Of America, et al.,
Defendants—Appellees,

v.

Pixley Irrigation District, et al.,
Plaintiffs-Intervenors.

No. 02–16041, 02–16045.
D.C. Nos. CV–97–06140–OWW,
CV–98–05261–OWW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2003.

Decided Jan. 23, 2004.

Diane Rathman, Esq., Lineman, Burgess, Telles, Van, Atta, Vierra, Rathman, Whitehurst & Keene, Dos Palos, CA, for Plaintiff.

Charles M. Hungerford, Esq., Heller, Erhman, White & McAuliffe, Menlo Park, CA, Cynthia L. Koehler, Esq., Oakland, CA, Hamilton Candee, Esq., San Francisco, CA, Jon D. Rubin, Esq., Daniel J. O'Hanlon, Esq., Eric N. Robinson, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, CA, Thomas W. Birmingham, Esq., Fresno, CA, for Plaintiff–Appellant.

Todd Aagaard, Esq., David C. Shilton, Esq., Department of Justice, Washington, DC, Maria A. Iizuka, Esq., Department of Justice, Sacramento, CA, for Defendant–Appellee.

Daniel M. Dooley, Esq., Dooley, Herr & Williams, Visalia, CA, Jeanne M. Zolezzi, Esq., Herum, Crabtree, Dyer, Zolezzi & Terpstra Stockton, CA, for Plaintiff–Intervenor.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

## ORDER AND AMENDED MEMORANDUM *

### ORDER

The memorandum disposition filed on June 3, 2003, is amended as follows:

(1) The first sentence of Paragraph 5 should be deleted and replaced with: "The district court erred in concluding that Interior lacks discretion to refrain from crediting the amount of Project yield actually used for any (b)(2) purpose against the designated 800,000 acre feet of Project yield. To hold otherwise would defeat the primary purpose for which the 800,000 acre feet were designated-fish, wildlife, and habitat restoration."

(2) The final sentence of Paragraph 5 should be deleted and replaced with: "If Interior were required to deduct some or all the water it uses for water quality and Endangered Special Act purposes from the (b)(2) dedication, the water needed for im-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plementation of the Improvement Act's restoration mandate could be relegated to a secondary role, or perhaps no role at all. Such a scenario would directly conflict with the Interior's mandate to give effect to the hierarchy of purposes established in Section 3406(b)(2)."

### AMENDED MEMORANDUM

This case involves the administration by the Department of the Interior ("Interior") of water in California's Central Valley Project (the "Project"). Appellants San Luis & Delta–Mendota Water Authority, et al., and Bay Institute of San Francisco, et al., appeal from a final partial judgment issued by the district court pursuant to Fed. R.Civ.P. 54(b).

The parties filed cross-motions for summary judgment challenging the accounting methodology used by Interior in implementing Section 3406(b)(2) of the Central Valley Project Improvement Act ("Improvement Act"). The district court severed the accounting issues from the rest of the case and issued a final partial judgment on the accounting issues pursuant to Rule 54(b).

The district court's partial judgment is final for purposes of appeal. *See Franklin v. Fox*, 312 F.3d 423, 429 n. 2 (9th Cir. 2002).

■ 1. The district court correctly concluded that Section 3406(b)(2) does not require Interior to calculate the cost of water actions taken pursuant to § 3406(b)(2) against a hypothetical model of Project operations during the 1928–1934 drought period. Section 3406(b)(2) unambiguously requires only calculation of Project yield by determining the delivery capability of the Project during the specified drought period.

■ 2. The district court also correctly concluded that Interior may not exclude from its calculation of Project yield certain water flows implemented in connection with the Auburn Dam. Section 3406(b)(2) requires Interior to exclude from its Project yield calculation only those "flow and operational requirements imposed by terms and conditions existing in licenses, permits, and other agreements ..." The record reflects no such license, permit or other agreement concerning the Auburn Dam flows.

■ 3. The district court correctly prohibited Interior from using offset/reset matrices in accounting for use of water under § 3406(b)(2), to impermissibly alter the 800,000 acre feet designated by Congress.

4. The district court correctly found that the Improvement Act does not prohibit Interior from reusing water initially released for (b)(2) purposes. Because the Improvement Act does not specifically address reuse, Interior's reasonable interpretation of the statute is entitled to deference. *See Wilderness Society v. United States Fish and Wildlife Serv.*, 316 F.3d 913, 921–22 (9th Cir.2003).

■ 5. The district court erred in concluding that Interior lacks discretion to refrain from crediting the amount of Project yield actually used for any (b)(2) purpose against the designated 800,000 acre feet of Project yield. To hold otherwise would defeat the primary purpose for which the 800,000 acre feet were designated-fish, wildlife, and habitat restoration. Section 3406(b)(2) provides that the "primary purpose" to which the 800,000 acre feet should be dedicated is the implementation of "fish, wildlife, and habitat restoration purposes authorized by this title ..." Section 3406(b)(2) also provides that the 800,000 acre feet may be used to "help" meet obligations under the Endangered Species Act and to "assist" in meeting

water quality standards. If Interior were required to deduct some or all the water it uses for water quality and Endangered Species Act purposes from the (b)(2) dedication, the water needed for implementation of the Improvement Act's restoration mandate could be relegated to a secondary role, or perhaps no role at all. Such a scenario would directly conflict with the Interior's mandate to give effect to the hierarchy of purposes established in Section 3406(b)(2).

AFFIRMED in part and REVERSED in part. Each party is to bear its own costs on appeal.